## IN THE MATTER OF THE ESTATE OF A. R. ROWAT, DECEASED.

### No. 1888.

ARGUED SEPTEMBER 5, 1929.          DECIDED SEPTEMBER 24, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

A. R. Rowat died, leaving a will with the following provisions and no others: "First: I give and bequeath to my daughter Evangeline (Mrs. E. A. Ross) the sum of five hundred dollars. Second: I give and bequeath to my son Wm. J. A. Rowat, five hundred dollars. Third: I give and bequeath to my daughter E. Zella Rowat, five hundred dollars. Fourth: I give and bequeath to my daughter Marguerite E. Rowat, five hundred dollars. Fifth: I give and bequeath to my wife Ethel Ida (Billam) Rowat, my household furniture, my automobile and all of my personal effects. Sixth: The residue of my estate I give and bequeath share and share alike to my wife Ethel Ida (Billam) Rowat; my son Allan Ritchie Rowat; my son Kenneth Rowat; my daughter Rita Rowat. Seventh: I hereby nominate and appoint the Hawaiian Trust Co. Ltd., to be executor of this my last will and testament, hereby revoking former wills by me made."

In the course of the administration of the estate the circuit judge has reserved to this court for determination the two following questions: "(1) Are the cash legacies provided for in paragraphs first, second, third and fourth of said decedent's will a charge against the real property comprising the residuum of said decedent's estate? (2) If the said cash legacies are a charge on the real property, should the executor pay them out of the net proceeds of the real estate, after paying the debts, before distributing the said proceeds to the residuary devisees?"

From the certificate of the circuit judge it appears that at the time of his death the decedent left personal property and real estate and that after the payment of debts and expenses of administration "the only property in the residuum of said decedent's estate against which this $2,000" (the total of the four specific legacies of $500 each) "may be charged is the real property situated at

Kalihi Valley, Oahu, and at Hamakua, Hawaii." The only issue involved is whether, since there is no personal property out of which the specific legacies can be paid, they may be paid out of the realty. This is a question purely of the construction of the will of the decedent.

As has been so often decided by this court and by other courts, that which is to be sought is the intention of the testator, as expressed in the will. An undisclosed intention is immaterial. To our minds there can be no difficulty in the case at bar in ascertaining the intention of the testator. He has sufficiently expressed it in clear language. He first says that he gives and bequeaths to his daughter Evangeline, to his son William, to his daughter E. Zella and to his daughter Marguerite E. the sum of $500 each, and to his wife, Ethel Ida, his household furniture, his automobile and all of his personal effects. Then he says—and this is the only other provision disposing of property—"the residue of my estate I give and bequeath share and share alike" to the wife and three other children named. Attributing to the word its ordinary meaning, the "residue" of his estate can only be that which is left after satisfying the provisions of the preceding five specific legacies. The residue means what is left, not only after setting aside the furniture, the automobile and the personal effects for the widow, but also after setting aside the four gifts of $500 each to certain of his children. There is nothing in the will to indicate that an unusual meaning was intended by the testator to be attached to the word "residue." He could have said, if he so wished, that the residuary beneficiaries were to receive the residue of his personal property and all of his realty, which would have been a clear indication that the specific legacies were to come out of the personalty only; but he did not say that. He could have made a specific bequest of his lands to those who by the will as it now stands are the residuary

beneficiaries; but he did not do so. He simply donated the "residue" to those named in the sixth clause without distinguishing in that connection between personalty and realty, blending the two classes of property to pass as far as possible under that term. It is immaterial and unnecessary to inquire in order to construe the will whether or to what extent he left personalty at the time of his death or owned personalty at the date of his will. He may well have recognized at the time of the execution of the will the impossibility of ascertaining then with certainty what personalty he would own at the time of his death.

The great weight of authority appears to be in favor of the construction which we are giving to the language under consideration, although some cases have decided to the contrary. The Supreme Court of the United States in *Lewis* v. *Darling,* 16 How. 1, so construed similar provisions. It said, *inter alia* (p. 10) : "The rule in such a case is, that where a testator gives several legacies, and then, without creating an express trust to pay them, makes a general residuary disposition of the whole estate, blending the realty and personalty together in one fund, the real estate will be charged with legacies, for in such a case, the 'residue' can only mean what remains after satisfying the previous gifts."

In *Greville* v. *Browne,* 7 H. L. Cas. 689 (11 Eng. Reprint, 275, 278, 279), the court said : "For nearly a century and a half this rule has been laid down and acted upon, that if there is a general gift of legacies, and then the testator gives the rest and residue of his property, real and personal, the legacies are to come out of the realty. It is considered that the whole is one mass; that part of that mass is represented by legacies, and that what is afterwards given, is given minus what has been before given, and therefore given subject to the prior gift."

Another of the judges in the same case said at page 279:
"I feel the force of something that was said by Sir John
Leach, not in the case in Maddock, but in a subsequent
case, where, with reference to the words 'the rest and
residue of my real and personal estate,' he says that the
rest and residue mean something after something has been
deducted. After what has been deducted? Why that
which has been given before: and that appears to me to
solve the whole difficulty." Still another of the judges
in the same case said: "If any person, unfamiliar with
the technicalities of the law, were to read a will to this
effect, the testator gives a certain portion of his property
to one person, and devises all the rest of his property to
another, I cannot doubt that his opinion would be that
'the rest' must be construed to mean that which remains
after what has previously been given is withdrawn." As
laymen would read this untechnical language so should
courts read it.

The question of how far this court is bound to follow
the opinions of the Supreme Court of the United States
does not arise in this case. There is no conflict between
the views expressed by that court in *Lewis* v. *Darling* and
our own views expressed upon reason as to the construc-
tion of the will. So, also, the question whether the four
legacies should be paid out of the personalty before re-
sorting to the realty does not arise in this case because,
as the circuit judge has found and certified, there is no
personalty in excess of that required for the payment of
the debts of the decedent and the expenses of adminis-
tration. Under these circumstances the four specific
legacies are payable out of the proceeds of the real estate
not, strictly speaking, because the testator made them a
charge upon the realty, but because, to the extent that
the realty was necessary to provide the means for the pay-
ment of the four legacies, to that extent the realty was not

by the residuary clause devised to the residuary beneficiaries.

*Marguerite K. Ashford* (*Thompson, Cathcart, Beebe & Winn* on the briefs) for the cash legatees.

*L. Jenks* (*Prosser, Anderson & Marx* and *C. S. Carlsmith* on the briefs) for the executor.